# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James M. Reavis, Jr. and Mary Nicole Harn, ) <br> ) <br>               Plaintiffs,    ) <br> ) <br> v.                           ) <br> ) <br> McCabe Trotter and Beverly, PC, *et al.*,    ) <br> ) <br>               Defendants.  ) <br>                                  ) | C/A. No. 2:21-cv-2089-RMG <br><br> **ORDER AND OPINION** |

Before the Court is a motion to remand by Plaintiffs James M. Reavis, Jr. and Mary Nicole Harn, (Dkt. No. 4), and a motion to realign the parties by Defendant McCabe Trotter and Beverly, PC ("MTB") (Dkt. No. 9). For the reasons set forth below, the Court grants Reavis and Harn's motion to remand and denies as moot MTB's motion to realign.

## I.     **<u>Background</u>**[1]

On or around March 20, 2020, Plaintiff Snee Farm Community Foundation ("Snee") filed a foreclosure action against Defendants James M. Reavis, Jr. and Mary Nicole Harn (collectively "Defendants") in the Court of Common Pleas of Charleston County. (Dkt. No. 1-1). Defendants filed an Answer, Counterclaim, and Third-Party Summons and Complaint, which, *inter alia*, asserted counterclaims against Snee and third-party claims against MTB and Community Associations Management Specialists a/k/a CAMS ("CAMS"). Defendants brought claims for accounting, unjust enrichment, money had and received, and negligent misrepresentation. (Dkt.

---

[1] In removing *Snee Farm Community Foundation v. James M. Reavis, Jr. and Mary Nicole Harn*, No. 2020-CP-1001503 (the "Underlying Action"), MTB changed the Underlying Action's caption. *See* (Dkt. No. 1) (captioning this matter *James M. Reavis, Jr. and Mary Nicole Harn v. McCabe Trotter and Beverly, PC, et al.*). For clarity, the Court refers to all parties according to their positions in the Underlying Action.

1

No. 1-2). Defendants later filed an Amended Answer, Counterclaim, and Third-Party Complaint asserting additional causes of action against Snee, MTB and CAMS, including causes of action alleging violation of the South Carolina Unfair Trade Practices Act and breach of fiduciary duties against Snee, MTB and CAMS, a cause of action for slander of title against Snee and MTB, a cause of action for breach of contract against Snee, and a cause of action for violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against MTB. (Dkt. No. 1-3).

On June 18, 2021, Snee and Defendants filed a Stipulation of Dismissal dismissing Snee's foreclosure action against Defendants. The stipulation, however, "d[id] not affect any other causes of action in" the Underlying Action. (Dkt. No. 1-9). Defendants' counterclaims against Snee and its third-party claims against MTB and CAMS thus remained pending.

On July 12, 2021, MTB removed the Underlying Action. In its notice of removal, MTD argued that the Defendants' FDCPA claim presented a question of federal law which conferred this Court with original jurisdiction. CAMS consented to the removal (Dkt. No. 1 at 3).

On August 11, 2021, Defendants moved to remand this action. (Dkt. No. 4). MTB opposes. (Dkt. No. 10).

On August 25, 2021, MTB moved to realign the parties. (Dkt. No. 10). Defendants oppose. (Dkt. No. 13).

The parties' respective motions are fully briefed and ripe for disposition.

II.     **Legal Standard**

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447

of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon,* 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir.1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'") (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)).

### III.     Discussion

28 U.S.C. § 1441 permits a "defendant" or "the defendants" to remove to federal court "any civil action brought in a State court of the which the district courts of the United States have original jurisdiction." In the Underlying Action, MTB is not a "defendant." Instead, it is a "third-party defendant." The question before this Court, therefore, is whether a third-party defendant such as MTB may invoke § 1441 to remove the Underlying Action.

The Supreme Court's decision in *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. (2019), *affirming* 880 F.3d 165 (4th Cir. 2018), provides the answer. In *Jackson*, plaintiff filed a debt-collection action against defendant in state court. In response, defendant asserted a counterclaim against plaintiff, as well as third-party claims against two previously non-parties to the lawsuit. The Supreme Court referred to those new parties as third-party counterclaim defendants. The plaintiff subsequently dismissed its claims against defendant, and the third-party counterclaim defendants filed a notice of removal. The two issues before the Supreme Court were: (1) "whether a third-party named in a class-action counterclaim brought by the original defendant can remove if the claim otherwise satisfies the jurisdictional requirements of [the Class Action Fairness Act]" and (2) whether a prior 1941 holding that "an original plaintiff may not remove a counterclaim

3

against it[,] should extend to third-party counterclaim defendants." 139 S. Ct. at 1747 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

Pertinently, the Supreme Court held: "Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) does not permit removal by any counter defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Id.* at 1748 (reiterating that a "counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction"); *Id.* at 1749 (explaining that the "use of the term 'defendant' in related contexts bolsters our determination that Congress did not intend for the phrase 'the defendant or the defendants' in § 1441(a) to include third-party counterclaim defendants" and noting that "the filing of counterclaims that included class-action allegations against a third party did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant'").

Here, applying the plain language of the removal statute, the Court finds that this action must be remanded. As noted *supra*, MTB was not an original party to the Underlying Action but instead a third-party defendant. Plaintiff's voluntary dismissal of its claim against Defendants did not change this. *See id.* at 1750 (rejecting a reading of "defendant" advanced by MTB here because it "could be read to require consent from the third-party counterclaim defendant, the original plaintiff (as a counterclaim defendant) *and* the original defendant asserting claims against them"). In opposing Defendants' motion to remand, MTB explains why the "principal purpose test" requires that the parties to this action be realigned. *See* (Dkt. No. 10 at 5-6). MTB nowhere explains, however, why the Supreme Court's holding regarding § 1441 does not preclude it from removing the Underlying Action to federal court. *See Left v. Hawkins*, 518 F. Supp. 3d 891, 895-96 (D.S.C. 2021) (applying *Jackson* in the diversity context and "focus[ing] on" the original

4

complaint—not the defendant's counterclaims—to determine jurisdiction). Thus, applying *Jackson*, the Court finds that Defendants' motion for remand must be granted.[2] Because MTB was not permitted under § 1441 to remove the Underlying Complaint, the Court does not reach MTB's motion for realignment.

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** James M. Reavis, Jr. and Mary Nicole Harn's motion to remand (Dkt. No. 4) and **DENIES AS MOOT** MTB's motion to realign the parties (Dkt. No. 9).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 5, 2021
Charleston, South Carolina

---

[2] Defendants request an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 4 at 11). The Court declines to award attorney's fees and costs, however, as it finds that MTB did not lack an "objectively reasonable basis for removal." *See Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-CV-04531-JMC, 2015 WL 3490062, at *5 (D.S.C. June 3, 2015). As made clear by the parties' respective briefing, the issues before the Court were subject to reasonable debate.